# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                                        Case No. 8:16-CR-320-T-35JSS

LUIS A. GUTIERREZ-DIAZ
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR SENTENCING DOWNWARD VARIANCE TO THE MINIMUM MANDATORY SENTENCE

COMES NOW, the Defendant, LUIS A. GUTIERREZ-DIAZ, by and through undersigned counsel and pursuant to USSG§3B1.2 and 18 U. S. C §3553(a), hereby files this sentencing memorandum in support of a downward sentencing variance and moves this Honorable Court to sentence him to 120 months followed by a term of 5-years of supervised release, which is a sentence that is no higher than necessary to accomplish the statutory goals of sentencing. As grounds in support of Mr. Gutierrez-Diaz states as follows:

    1.    Citing from the United States Probation Pre-Sentence Report (hereinafter "PSR") Doc.64. Mr. Gutierrez-Diaz does not contest any of the factual findings outlined in the PSR or the said guideline calculation computation. PSR ¶¶ 1-13, 18-28, 54-55.

2. These guideline calculations call for a range of imprisonment of 135-168 months, with a minimum mandatory sentence of at least 120 months, followed by supervised release of five years. *Id.* Again, Mr. Gutierrez-Diaz does not object or seek to contest any of these matters.

3. Mr. Gutierrez-Diaz based upon the following requests a downward variance to the statutory mandatory minimum of 120 months/10 years.

**MOTION FOR DOWNWARD VARIANCE PURSUANT TO-
U.S.S.G§3B1.2AND 18 U. S. C.§ 3553(a)(1-7) FACTORS**

Mr. Gutierrez-Diaz as outlined in the PSR¶¶ 40,49, & 51 under the section "C" offender characteristics describes his life in his home country of Columbia as an extremely difficult and impoverished life for has long as he can remember. He was only being able to go to school until age ten, then having to quit school to help out with the supporting of his family, and only learning to write his name. Further working most of his life as a farmhand/farmer and making as little as 60 cents per week from this hard labor. *Id*.

Like many, if not all of these types of cases that are prosecuted in the United States, the impoverished individuals who commit them commit them solely for financial purposes. Mr. Gutierrez-Diaz stated in PSR¶16 that this offense was committed to solely to provide for his children, in particular to help buy his

daughter a home and help pay for her college education. Again, Mr. Gutierrez-Diaz, who has worked since childhood, mostly as a farmer, with only minimal and meager earnings to show for despite his years of hard work. PSR¶52.

Thusly, when the opportunity to make a significant amount of money in a short period of time presented itself, Mr. Gutierrez-Diaz, not unlike most in this situation when tempted, could not resist. Again, this does not lessen the wrongful conduct committed by Mr. Gutierrez-Diaz and other individuals like him, however does give some significant insight as to why they are committed. Furthermore, Mr. Gutierrez-Diaz would argue that this is a non-violent offense in nature, although it cannot be disputed the severity of transporting the large amount of cocaine, which would support a significant term of incarceration.

Next factoring in that Mr. Gutierrez-Diaz, as of sentencing, will be 53 years of age, with no prior criminal history in his home country. Also having worked all of his life at different arduous and very minimal paying jobs, his request for a sentence downward variance to the statutory minimum mandatory to 120 months is not unreasonable request.

Moreover, Mr. Gutierrez-Diaz also asks this Honorable Court to consider the provisions outlined from U.S.S.G.§3B.1.2, concerning mitigating roles. Although the argument that Mr. Gutierrez-Diaz is not per se a minor participant on

the boat smuggling these illegal drugs, an overall view as to his role in this drug venture can be considered somewhat to a lesser degree in the overall scheme. Mr. Gutierrez-Diaz and the men like him are individuals, who at the order of the parties that hire them, do one thing, transport these drugs from one place to another. It is highly unlikely that Mr. Gutierrez-Diaz, like the other men involved in this portion of the drug smuggling, have any further role with this significant drug distribution enterprise. And again most of these men are payed insignificantly as to what their superiors who hire them are payed from with the immense amount of drugs being smuggled.

Thus, factoring all of these elements Mr. Gutierrez-Diaz would again seek from this Honorable Court a reduction from his current guidelines 135-168 months to the statutory minimum mandatory of 120 months.

Finally, Mr. Gutierrez-Diaz is well aware of the serious nature of this offense and realizes he must be punished. Again the sentence requested at 120 months, followed by a term of supervised release of 5 years would provide a "just punishment" for this offense, and would still "reflect the seriousness of the offense", and "promote respect for the law". Again taking into account all the points presented by Mr. Gutierrez-Diaz, this would hopefully warrant the

consideration from this Honorable Court to grant the requested downward sentencing departure.

**WHEREFORE,** MR. LUIS A. GUTIERREZ-DIAZ, respectfully petitions this Honorable Court to grant a downward variance in his sentence from the current guideline range to the statutory minimum mandatory of 120 months.

> Respectfully submitted,
>
> DONNA L. ELM
> FEDERAL PUBLIC DEFENDER
>
> s/ *Howard C. Anderson*
> Howard C. Anderson
> Florida Bar No. 0130176
> Assistant Federal Defender
> 400 North Tampa Street, Suite 2700
> Tampa, Florida 33602
> Phone: 813-228-2715
> Facsimile: 813-228-2562
> Email: Howard_Anderson@fd.org
> Attorney *for* Mr. Gutierrez-Diaz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with Clerk of Court for the Middle District of Florida and was hand delivered to Mr. Daniel Baeza, Assistant United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602 this 31st day of January 2017.

                                                 */s/Howard C. Anderson*
                                                 Howard Anderson
                                                 Assistant Federal Defender